# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-0183

_____

ASHLEY BRITT MCARTHUR,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition Alleging Ineffective Assistance of Appellate Counsel—
Original Jurisdiction.


April 24, 2024

PER CURIAM.

Having considered the averments of all three grounds in the petition, the court finds the petition to be facially without merit.

DISMISSED.

B.L. THOMAS and TANENBAUM, JJ., concur; BILBREY, J., concurs in result.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

BILBREY, J., concurring in result.

The result of the majority's decision dismissing the petition is that Petitioner will not have his sentence vacated and the matter remanded for a new trial. I agree with that result but arrive at it differently than the majority. The petition for ineffective assistance of appellant counsel complies with the pleading requirements of rule 9.141(d), Florida Rules of Appellate Procedure. The petition sets forth a prima facie basis for relief — that is the petition is legally sufficient in its pleadings to allege grounds for relief if true. *See Freeman v. State*, 761 So. 2d 1055, 1061 (Fla. 2000) (holding that in a postconviction case the petitioner "bears the burden of establishing a prima facie case based upon a legally valid claim"). So we then examine the merits of the allegations and look at the record from the trial and subsequent direct appeal to determine whether we should grant relief. *See Moorer v. State*, 330 So. 3d 136, 137 (Fla. 1st DCA 2021) (denying a petition for ineffective assistance of appellate counsel when "the pleading requirements of Rule 9.141(d)" were met but "[b]ased on a review of the record" the claims lacked merit). Since the petition here is facially valid in that it alleges two bases for relief, but it is without merit since when we look into the record appellate counsel on the direct appeal was not ineffective, I would deny rather than dismiss the petition.

———————————————

William R. Ponall of Ponall Law, P.A., Maitland; Lisabeth J. Fryer and Laura L. Cepero of Lisabeth J. Fryer, P.A., Sanford, for Petitioner.

Ashley Moody, Attorney General, Tallahassee, for Respondent.

2